# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| GILARIME MUELLER,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 4:11-cv-00309-JAJ<br><br><br><br>**ORDER** |

This matter comes before the Court pursuant to Petitioner Gilarime Mueller's 28 U.S.C. § 2255 petition filed on June 30, 2011. [Dkt. No. 1.] The Court dismisses the petition and denies a Certificate of Appealability.

Petitioner's criminal case number was 3:08-cr-00054. Petitioner was sentenced to a term of incarceration of 380 months on April 2, 2009. The Eighth Circuit Court of Appeals affirmed the petitioner's judgment on March 30, 2010, and mandate was issued on April 29, 2010. Petitioner filed a § 2255 petition in civil case number 4:10-cv-00148 on April 1, 2010. The Court dismissed the petition in an initial review order on April 13, 2010. The Court later denied a motion for extension of time to file an appeal, motion for relief from judgment, and a Certificate of Appealability.

Petitioner now brings this second, successive § 2255 petition. The Court need not conduct an initial review of the claims pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, because this is a second, or successive § 2255 petition. The Eighth Circuit Court of Appeals must grant permission for second or successive § 2255 motions. *See, e.g., United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam) (petitioner may not bypass the authorization requirement in 28 U.S.C. § 2244 for successive § 2255 motions by purporting to invoke some other procedure); *United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010) (an appeals court panel must give permission for

successive § 2255 petition); *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009) (petitioner must meet "stringent requirements needed to file a successive § 2255 petition"). The Eighth Circuit Court of Appeals has not granted the petitioner permission to file a successive § 2255 motion. Thus, the Court denies this motion because this motion "in reality, [is an] effort[] to file [a] successive motion[] for postconviction relief." *United States v. Lambros*, 404 F.3d 1034, 1035-37 (8th Cir. 2005) (per curiam).

Alternatively, the Court also denies this petition because it is outside the statute of limitations. Pursuant to § 2255(f), a § 2255 petition must be filed one year from the date on which the judgment of conviction becomes final. Petitioner's judgment of conviction became final when mandate was issued on April 29, 2010. This petition was filed on June 30, 2011, and is more than one year after the judgment of conviction became final.

Additionally, Rule 11(a) of the Rules Governing § 2255 Proceedings states that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the Eighth Circuit has not granted permission for a second, successive § 2255 petition, the Court denies a Certificate of Appealability.

Upon the foregoing,

**IT IS ORDERED** that the Court dismisses the § 2255 petition.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is denied.

**DATED** this 30th day of June, 2011.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA